WIGGINTON, Judge.
Appellant Cabrera, joined by the Board of County Commissioners of Monroe County, appeals a final order of the Florida Land and Water Adjudicatory Commission (Commission) reversing a rezoning approval of the Monroe County Zoning Board, which had been affirmed by the Board of County Commissioners of Monroe County. We affirm.
Appellant Cabrera had sought a zoning classification change for a 2.73 acre parcel of land he owns on Plantation Key from BU-2 (medium industrial) to BU-3Y (heavy industrial). Section 19-38(8) of the Monroe County Code (M.C.C.) directs a rezoning applicant to describe the intended use of his property. On his application form, appellant stated that his intended use of the property was to store construction equipment. That use, by special permit, may be allowed under the already existing BU-2 zoning. Section 19-217, M.C.C.
During the public hearing before the Zoning Board, appellant indicated that he intended to use the land for a concrete batching plant, a permitted use under BUSY zoning. Section 19-75(c), M.C.C., provides that all proposed zoning amendments be submitted to the Monroe County Zoning Board for review and action; that the Zoning Board shall study each proposal to determine the need and justification for the proposed change, the effect of the change on the property and surrounding properties, the amount of undeveloped land in the general area having the same classification as that requested, the public facilities and natural resource commitments inherent in such a change, and the relationship of the proposed zoning amendment to the purposes of the county’s comprehensive plan, with appropriate consideration as to whether the proposed change will further the purposes of the ordinance and comprehensive plan.
Sections 6-222 through 6-245, M.C.C., define major development projects as various land uses involving five or more acres of land or water area, a building in excess of forty-five feet in height, and any residential activity or use involving the construction of ten or more dwelling units per acre or the construction of fifty or more total dwelling units. Cabrera’s proposed use of the land does not meet any of those criteria and thus it could not automatically be classified as a major development project. However, 6-222(7) provides that any other activity or use which the Zoning Board or Board of County Commissioners deems necessary and appropriate may be designated as a major development project based on one or more of five considerations.
*549 A review of the record in this case reveals that despite the heavy industrial use requested by Cabrera for his 2.73 acre parcel and the provisions of section 19-75(c), M.C.C., neither the Monroe County Zoning Board nor the County Commission conducted any in depth review of the facts surrounding the zoning change requested by Cabrera in order to make a determination as to the impact of the zoning change in the area or whether or not the use proposed by him should be classified as a major development project. The Commission ruled:
Specifically, the Commission finds and determines that Section 6-222(7), Monroe County Code, requires that prior to exercising its discretion in determining whether a particular piece of property is a major development, the Zoning Board must be accurately informed as to the proposed activity or use of the subject property and must record or investigate facts about the activity or use in order to make an informed decision.
The Commission then remanded the cause to the Zoning Board for a new public hearing on the zoning application to be held in accordance with the above ruling.
Due to the fact that the Florida Keys have been declared an Area of Critical State Concern, pursuant to Section 380.0552, Florida Statutes, and in light of all of the facts of this case, we find that the Commission acted within its authority in properly interpreting the application of the Monroe County Code to the specific circumstances involved here.
Appellant has also challenged the Commission’s authority to issue a ruling in this case. However, section 380.07, Florida Statutes, created the Commission and provides that whenever a local government issues a development order in any area of critical state concern, the owner, developer, regional planning agency, or state land planning agency may appeal the order to the Commission, which shall hold an administrative hearing on the appeal. Section 380.031, Florida Statutes (1981), provides in pertinent part:
(2) “Development Order” means any order granting, denying or granting with conditions an application for a development permit.
(3) “Development Permit” includes any building permit, zoning permit, plat approval, or rezoning, certification, variance, or other action having the effect of permitting development as defined in this chapter. (Emphasis supplied).
The State of Florida, Department of Community Affairs, pursuant to sections 163.3164(18) and 380.07, Florida Statutes, and rule 27G-1, Florida Administrative Code, is the state land planning agency authorized to appeal to the Commission any development order in any area of critical state concern. The Department of Community Affairs appealed the rezoning order to the Commission. Clearly, under chapter 380, the grant of a zoning change in an area of critical state concern is an order appealable by the Department of Community Affairs to the Commission. Therefore, the Commission did have jurisdiction to act in this case.
AFFIRMED.
WENTWORTH and THOMPSON, JJ., concur.